LESTER & CANTRELL, LLP
Kevin R. Crisp  [SBN97504]
1770 Iowa Avenue, Suite 110
Riverside, California  92507
Telephone:  (951) 300-2690
Facsimile:  (951) 300-2694
EMAIL:  kcrisp@lc-lawyers.com

Attorneys for Defendants, STANLEY CONVERGENT SECURITY SOLUTIONS, INC.
and WELLS FARGO BANK, N.A, erroneously sued as WELLS FARGO BANK, LTD.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAMAU BURNETT,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>STANLEY CONVERGENT SECURITY SOLUTIONS, INC.; WELLS FARGO BANK, LTD; and DOES 1 to 50, inclusive<br><br>　　　　　　Defendants. | CASE NO.:<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL**<br><br><br>Action Filed: January 31, 2019 |

**TO THE HONORABLE COURT, PLAINTIFF, AND HIS ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1332, 1441, and 1446, Defendant STANLEY CONVERGENT SECURITY SOLUTIONS, INC. ("Stanley") hereby gives notice of the removal of the action, *Kamau Burnett vs. Stanley Convergent Security Solutions, Inc., et al.*, Case No. STK-CV-UPI-2019-11477, which is currently pending in California Superior Court, County of San Joaquin, to this United States District Court for the Eastern District of California on the basis of diversity of citizenship.

///

In support of such removal, Stanley states as follows:

1. On January 31, 2019, Plaintiff KAMAU BURNETT ("Plaintiff") filed a Complaint in San Joaquin County Superior Court under Case No. STK-CV-UPI-2019-11477 (the "State Court Action"). A true and correct copy of the Complaint filed in the State Action is attached hereto as Exhibit 1. (*See* Declaration of Kevin Crisp ("Crisp Decl.", ¶ 4.)

2. On May 30, 2019, Stanley and WELLS FARGO BANK, N.A. ("Wells Fargo") filed an Answer ("Answer") in the State Court Action denying all the allegations in Plaintiff's complaint. A true and correct copy of the Answer filed by Stanley and Wells Fargo in the State Court Action is attached hereto as Exhibit 2. (*See* Crisp Decl., ¶ 8.)

3. Stanley first received the Complaint when it was served on April 10, 2019. (Crisp Decl., ¶ 4.)

4. This action arises out of a dispute wherein Plaintiff has alleged claims for (1) premises liability and (2) general negligence against Defendant and Wells Fargo. Plaintiff alleges that he sustained an injury while exiting a bank vault at a Wells Fargo Bank location when an elevator floor outside the vault collapsed, causing the Plaintiff to fall. Plaintiff alleges Defendant and Wells Fargo knew or should have known the elevator's condition would be likely to cause injury. Plaintiff further alleges that he has suffered harm to his mental and emotional well-being in addition to physical harm. Defendant and Wells Fargo deny each and every one of Plaintiff's allegations in his Complaint.

5. In a communication from Plaintiff dated February 19, 2019 outlining Plaintiff's damages as of that date, counsel for Plaintiff stated the total amount of special damages incurred by Plaintiff was $29,335.52. (Crisp Decl., ¶ 9.) In addition to special damages, the Complaint alleges damages related to physical, mental, and emotional injury. (*Id*.) Though the Complaint does not state the total amount of money sought by Plaintiff as a result of his alleged injuries, the lowest demand from

Plaintiff to resolve this case was nearly double the $75,000 statutory minimum required for removal. (*Id.*)

6. Pursuant to 28 U.S.C. section 1332, this Court has original jurisdiction over the Complaint. Specifically, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States." (28 U.S.C. § 1332(a).)

7. Complete diversity exists because Plaintiff and defendants are citizens of different states. No defendant in this action is a resident of the same state as any co-defendant or Plaintiff.

8. Upon information and belief, at the time the State Court Action was filed and at the time this Notice of Removal is filed, Plaintiff was and is an individual residing in California. (Crisp Decl., ¶ 2.)

9. Defendant Stanley is a Delaware corporation with a principal place of business at 8350 Sunlight Drive, Fishers, Indiana 46037. (Crisp Decl., ¶ 3.)

10. Defendant Wells Fargo is a national association with its principal place of business at 101 N. Phillips Ave., Sioux Falls, SD 57104. (Crisp Decl., ¶ 7.)

11. Defendant Wells Fargo was erroneously sued in the Complaint as "Wells Fargo Bank, LTD", an entity which, according to the California Secretary of State website, has its principal place of business in Los Angeles, California. (Crisp Decl., ¶ 5.) On May 29, 2019, Wells Fargo retained Lester & Cantrell, LLP for representation in this matter. (Crisp Decl., ¶ 6.) On that day, Stanley was learned that Wells Fargo had been erroneously sued as the incorrect entity "Wells Fargo Bank, LTD", and that the entity WELLS FARGO BANK, N.A. was the proper defendant. (Crisp Decl., ¶ 7.) Upon learning of this error made in Plaintiff's Complaint, counsel for Stanley determined that complete diversity exists among the parties to this action. (*Id.*) Lester & Cantrell, LLP filed an answer to Plaintiff's Complaint on behalf of the proper, diverse, Wells Fargo entity controlling the property in question.

12. Based on representations by counsel for Plaintiff, Plaintiff's alleged general and special damages exceed the statutory threshold of $75,000, exclusive of interest and costs. (Crisp Decl., ¶ 9.) This is evidenced by the fact that the lowest demand conveyed by Plaintiff to resolve this case was nearly double the $75,000 statutory minimum required for removal. (*Id.*)

13. Because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, diversity jurisdiction exists in this action.

14. Plaintiff's Complaint names "Does 1 to 50" as defendants. Defendants are informed and believe, and on that basis allege, that Does 1 to 50 have not been identified, named, or served with a copy of the Complaint or Summons. Thus, these fictitiously named defendants are not parties to this action. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. § 1441(a).)

15. This case is a suit of a wholly civil nature brought in California State Court. Pursuant to 28 U.S.C. section 1441(a), this civil action may be removed by Defendant to this Court. Because Plaintiff filed the State Court Action in San Joaquin County, the United States District Court for the Eastern District of California is the appropriate venue for removal of the State Court Action, as it is the "district and division embracing the place where such action is pending." (28 U.S.C. §§ 1441(a), 1391(a).)

16. Accordingly, based on the foregoing, this Court has original jurisdiction over the Complaint, and removal to this Court from San Joaquin County Superior Court is proper, pursuant to 28 U.S.C. sections 1332 and 1441, respectively.

17. 28 U.S.C. section 1446 (b)(3), requires that if a case stated by the initial pleading is not removable, ". . . a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of . . . [a] paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiff's

Complaint in the State Court Action named Wells Fargo Bank, LTD as Stanley's co-defendant.  Upon receipt of the Complaint, counsel for Stanley initially determined that Wells Fargo Bank, LTD was a resident of the state of California, destroying complete diversity. (Crisp Decl., ¶ 5.)  However, it was only after Wells Fargo retained Lester & Cantrell, LLP on May 29, 2019 that Stanley became aware that Wells Fargo, a South Dakota national association, had been erroneously sued as Wells Fargo Bank, LTD, a California entity. (Crisp Decl., ¶¶ 6-7.)  On May 30, 2019, Wells Fargo filed the Answer to Plaintiff's Complaint correcting Plaintiff's error in suing the wrong entity and establishing complete diversity among all parties to this action.  (Crisp Decl., ¶ 8.)

18. Pursuant to 28 U.S.C. section 1446(d), Defendant will promptly provide written notice of removal of this action to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the San Joaquin County Superior Court.

19. All defendants who, upon information and belief, have been served and whose citizenship is properly considered, have filed this Notice of Removal or consent to removal of this action.

WHEREFORE, Defendant STANLEY CONVERGENT SECURITY SOLUTIONS, INC. respectfully requests that this Court assume jurisdiction over this action in accordance with 28 U.S.C. sections 1332, 1441, and 1446.

Dated: June 24, 2019                    **LESTER & CANTRELL, LLP**

BY:  */s/ Kevin R. Crisp*
Kevin R. Crisp
Attorneys for Defendants,
STANLEY CONVERGENT SECURITY SOLUTIONS, INC.
and WELLS FARGO BANK, N.A.